UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHRISTOPHER RAMIREZ,

 Plaintiff,

v.             No. 4:22-CV-00733-P

CECILE YOUNG,

 Defendant.

## MEMORANDUM OPINION & ORDER

 The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR") on a Motion for Preliminary Injunction ("Motion") filed by Plaintiff. ECF No. 25. The FCR recommends that the Court deny Plaintiff's Motion. Plaintiff timely objected to the FCR. ECF No. 33. After reviewing the FCR de novo, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 25) and **OVERRULES** Plaintiffs' Objection (ECF No. 33).

## FACTUAL & PROCEDURAL BACKGROUND

 Plaintiff is a medically fragile individual who received twenty-four-hour care in a group home through the Texas Health and Human Services Commission's ("HHSC") STAR Kids Program. ECF No 1 at 1–2. However, Plaintiff recently aged out of eligibility for this program. *Id.* at 2. Plaintiff now receives medical care through the Home and Community-Based Services ("HCS") which does not provide for the same level of care due to a cap on expenses. *Id.* at 3–4. Plaintiff contends that the lack of twenty-four-hour care is dangerous to Plaintiff's continued survival. *Id.* at 6.

 Plaintiff sued to maintain his twenty-four-hour care contending that he is entitled to discretionary "general revenue funding" under the Due Process Clause, The Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. *Id.* at 1–23. Plaintiff further moved for a temporary restraining order ("TRO") and a preliminary injunction. ECF No. 3.

Plaintiffs motion for a TRO was referred to the Magistrate. The Magistrate issued an FCR granting the TRO. However, this Court overruled the FCR based on Defendant's objection and the Fifth Circuit's recent ruling in *Harrison v. Young*, 48 F.4th 331, 336 (5th Cir. 2022). ECF No. 17. The portion of the Motion seeking a preliminary injunction remained pending before the Court and was again referred to the Magistrate. The Magistrate issued another FCR recommending denying the preliminary injunction and Plaintiff timely objected. Thus, the Magistrate's findings are now ripe for review.

## LEGAL STANDARD

### A. Review of a Magistrate Judge's Recommendation

A Magistrate Judge's FCR on a dispositive matter is reviewed de novo if a party timely objects. FED. R. CIV. P. 72. But if all or a part of the Magistrate Judge's disposition governs a non-dispositive matter or is not objected to, the FCR is reviewed for clear error. *Id*. Because Plaintiff timely objected to the Magistrate's FCR, the Court reviews the motion de novo.

### B. Preliminary Injunction Standard

A preliminary injunction is an "extraordinary remedy" and will be granted only if the movants carry their burden on four requirements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The movants must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dall. v. Delta Airlines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (quotation omitted). "The decision to grant or deny a preliminary injunction is discretionary with the district court." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## ANALYSIS

### A. Likelihood of Success on the Merits

To determine Plaintiff's likelihood of success on the merits, the Court must look to the standards set by substantive law. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). Plaintiff's likelihood of success based on the standards of substantive law must be more than negligible. *Compact Van Equip. Co. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir. 1978). A preliminary injunction should not be granted unless the question presented by the litigant is free from doubt. *Cong. of Racial Equal. v. Douglas*, 318 F.2d 95, 97 (5th Cir.), *cert. denied*, 375 U.S. 829 (1963). Where a plaintiff is unable to show a likelihood of success on the merits, a preliminary injunction is not warranted. *See Cardoni v. Prosperity Bank*, 805 F.3d 573, 589 (5th Cir. 2015) (holding that a preliminary injunction was not warranted based on a failure to meet this first factor).

In his FCR, the Magistrate found that "Plaintiff, without a property interest in the treatment he is seeking, is unable to show the 'likelihood of success' factor required for a preliminary injunction." ECF No. 25 at 2. The Magistrate found that the facts of this case directly paralleled the Fifth Circuit's recent ruling in *Harrison*, 48 F.4th at 336.

In *Harrison*, a medically fragile individual who required around-the-clock nursing services, sought an injunction against the state of Texas to use "general state revenues" when she did not qualify for the 24/7 care she required. *Id.* at 336. The individual's guardian brough the lawsuit alleging violations of the Due Process Clause of the Fourteenth Amendment, the ADA, and the Rehabilitation Act. *Id.* at 337. The Fifth Circuit found all three of these claims could not proceed as they failed to meet the likelihood of success requirement for a preliminary injunction. *Id.* The Court thus analyzes the three claims in turn.

Regarding the Due Process claim, the Fifth Circuit found that "[w]ithout 'mandatory language' requiring the payment of benefits, a claimant has no property interest in the requested funds." *Id.* at 340; (citing *Ridgely v. FEMA*, 512 F.3d 727, 736 (5th Cir. 2008)). Further, the opinion held that "a benefit is not a protected entitlement if government

3

officials may grant or deny it in their discretion." *Id.* (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)). Because the individual in *Harrison* was asserting rights in discretionary funds, the likelihood of her success on the merits was lacking. Like the individual in *Harrison*, who asserted a Due Process claim over discretionary general revenue funds from the HHSC, Plaintiff also asserts a Due Process claim over general revenue funding from the same state agency. ECF No. 3 at 6. With no property right in the general funds, and no relevant factual differences between these two cases, the Court finds the Plaintiff has no likelihood of success on his Due Process Claim.

Regarding the ADA and Rehabilitation Act claims in *Harrison*, the Fifth Circuit found that "the narrow, marginal cost comparison the district court relied on—one that just barely showed institutionalization to be more costly—is not sufficient to determine that plaintiff is likely to succeed on her disability-discrimination claims." *Harrison*, 48 F.4th at 342. The Fifth Circuit further noted that the controlling ADA case— *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 597 (1999)—does not require "community-care services that would exceed the federally approved cost cap on a Medicaid program that provides an alternative to institutionalization." *Id.* The opinion further noted that "other courts have rejected *Olmstead* claims that would exceed similar caps on Medicaid programs." *Id.* (citing *Arc of Wash. State Inc. v. Braddock*, 427 F.3d 615, 620–22 (9th Cir. 2005)). As a result, the individual in *Harrison* failed to show a likelihood of success on the merits of her ADA and Rehabilitation claims. Like the individual in *Harrison*, Plaintiff asserts that the accommodations are reasonable "taking into account the resources of the State." ECF No. 3 at 17. As *Harrison* holds, however, the reasonableness of the accommodation is not a consideration or a requirement under *Olmstead*. Once again, Plaintiff's claim parallels *Harrison*, and the Court finds that Plaintiff has no likelihood of success on the merits of his ADA and Rehabilitation claims.

### B. Plaintiff's First Objection Fails

Plaintiff first objects that the facts in *Harrison* are dissimilar because Plaintiff was not afforded a one-on-one interview. Aside from pointing out this factual difference in the two cases, Plaintiff provides

no authority showing that this distinction is relevant to the matter before the Court. The Court further notes that *Harrison* did not rely on this fact in its analysis. While this presents a difference in fact it does nothing to distinguish the case in law which is this Court's only concern.

Thus, Plaintiff's first objection is overruled.

### C. Plaintiff's Second Objection Fails

Plaintiff next objects that the Magistrate analyzed only his Due Process claim and failed to address his claims under the ADA and the Rehabilitation Act. Though the Magistrate's analysis was spartan—comparing the case to *Harrison* without discussing the particulars of the Fifth Circuit's ruling—the Court finds that it adequately covered all claims in this comparison. As shown in detail above, *Harrison* analyzed the three identical claims—Due Process, ADA, and Rehabilitation Act—brought by Plaintiff and found that an injunction was not warranted. The Magistrate's quick reference to *Harrison* incorporated its analysis on all claims including the ADA and Rehabilitation Act claims.

Thus, Plaintiff's second objection is overruled.

### ORDER

Bound by precedent, the Court concludes that Plaintiff has failed to show a likelihood of success on the merits of their claims. The Court thus **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 25) and **OVERRULES** Plaintiffs' Objections (ECF No. 33).

**SO ORDERED** on this **14th day of November 2022**.

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE